## BROWN v. SIMS.

[No. 2,815. Filed May 10, 1899.]

ABSTRACTS OF TITLE.—*Liability of Abstracter.*—Where a landowner employed an abstracter of titles to prepare an abstract to certain real estate on which he desired to obtain a loan, and such abstract was prepared and certified as correct, showing the real estate free from liens, and was delivered by the abstracter to the lender, and relied on by him in making the loan, an action may be maintained by the lender against the abstracter for loss occurring by reason of a lien existing against the real estate in the nature of a *lis pendens* notice.

From the Clinton Circuit Court. *Reversed.*

*Claybaugh & Claybaugh,* for appellant.
*Guenther & Clark* and *H. C. Sheridan,* for appellee.

BLACK, C. J.—By the complaint of the appellant against the appellee, a demurrer to which for want of sufficient facts was sustained, it was shown that one Henry H. Hackerd, claimed to be the owner of real estate described, including a certain town lot described, in the town of Mulberry, Clinton county, Indiana, and desiring to borrow of the appellant $400, offered to mortgage said real estate to the appellant to secure the loan of said sum; that the appellant refused to make said loan until he was furnished with an abstract of title to said real estate; that said Hackerd applied to the appellee, who held himself out to be competent to make and certify abstracts of the title of lands in said county, and the appellee, for a valuable consideration, did make and deliver to the appellant, for the use of the appellant, an abstract of said real estate, and certified it to be a correct and true abstract of the title of said land, and did represent to the appellant, before he made said loan, that said title to said land was free and unencumbered, and that there were no liens of any kind whatever on said real estate; that the appellant informed the appellee that he would rely entirely upon said abstract and representations which he had made that said land was free from all judgments, mortgages, liens of every kind and description, before he would loan said money to said Hackerd; that the appellee informed the appellant, before he made said loan, that he could rely on said representations and said abstract, that said land was free from all liens of every kind and character, that the title to said land was in Hackerd, and was perfectly good, and it was all right, and nothing against the land; that the appellant, relying upon said representations made by the appellee, and upon said abstract made by the appellee, and having no other knowledge or information whatever, and relying upon no other or different information, made said loan of $400 to said Hack-

erd on the 11th day of June, 1895, and accepted a mortgage on said real estate, executed by said Henry H. Hackerd and Martha E. Hackerd, his wife, to secure said loan, and delivered to said Henry H. Hackerd said sum of $400.

It was further alleged that the statement made in said abstract as to its being correct and true and the representations made by the appellee that said real estate was free and unencumbered, and that no liens whatever existed upon it, on which the appellant relied and parted with his money, were not true; that the appellee failed and neglected to set out in said abstract and to inform the appellant that there then existed a lien against a part of said real estate, in the nature of a *lis pendens* notice, which notice is set out, showing that certain persons named had filed their complaint in the court below against certain other persons named, including Henry H. Hackerd and Martha E. Hackerd, to set aside the conveyance of said town lot; said notice being signed by the plaintiffs in said suit by their attorney, and filed and recorded in the office of the clerk of said Clinton county on the 22nd day of May, 1894, and signed by said clerk. It was further alleged that the Henry H. Hackerd so referred to was the same person of that name who borrowed said sum from the appellant, and that the lot mentioned in said *lis pendens* notice was part of the real estate embraced in said abstract, and the security which the said Hackerd offered and the appellant accepted for said loan; that said *lis pendens* notice was filed and recorded in the clerk's office of said county long prior to the making of said abstract by the appellee. It was further shown that the persons named as plaintiffs in said *lis pendens* notice obtained a judgment against the persons named as defendants therein in the cause referred to in said notice "in the sum of——dollars, which judgment was a lien on said real estate;" that an execution was issued by the judgment plaintiffs against the judgment defendants, and said real estate was sold to satisfy said judgment; that the judgment plaintiffs being the highest and

best bidders, they purchased said real estate for the amount of their judgment, interest, and costs and attorney's fee, being the full value of said real estate.

It is further shown that said mortgage became subject to be foreclosed by failure of said Henry H. Hackerd to pay an interest note which became due on the 11th of June, 1896; that the appellant thereafter filed his complaint against said Hackerd and others to foreclose said mortgage; that the appellant therein obtained judgment for $531.72, and a foreclosure of said mortgage; that it was therein further decreed that the appellant's judgment of foreclosure on said town lot was a lien junior to that of said plaintiffs named in said *lis pendens* notice; that on the 27th of February, 1897, all the real estate described in said mortgage was sold by the sheriff of said county, and the appellant, being the highest and best bidder, purchased the same for $100, and paid costs amounting to $45.52; that after said property was so sold to the appellant, he caused an execution to issue against Henry H. Hackerd, who filed his schedule claiming his exemption; that said Henry H. Hackerd is notoriously insolvent, and nothing whatever can be collected from him; that at the time said abstract and representations were made by the appellee, and said money was loaned by the appellant, said town lot was of the value of $700, and was ample security for said loan, had not said lien of said *lis pendens* existed against it; that the real estate described in said mortgage other than said town lot was not of the value of more than $50 at the time of making said loan or since; "that by reason of the foregoing facts, and relying upon the abstract and representations so made by the defendant, as above set forth, and none other, and said representations not being true," the appellant "has lost all of said money so loaned, to wit, the sum of four hundred dollars and interest, and has been compelled to pay out for costs and expenses in said foreclosure proceedings the sum of one hundred dollars; wherefore," etc.

One who holds himself out as an examiner of titles to real estate, and maker of abstracts thereof, impliedly undertakes that he possesses the requisite knowledge and skill for such employment, and if he contract to render such service, he is bound to exercise ordinary skill and care in making the examination and the abstract. *Chase* v. *Heaney*, 70 Ill. 268; *Lattin* v. *Gillette*, 95 Cal. 317, 30 Pac. 545. Actionable negligence exists only when the party whose negligence occasions the loss owes a duty, arising from contract or otherwise, to the person sustaining the loss. *Kahl* v. *Love*, 37 N. J. L. 5. In *Zweigardt* v. *Birdseye*, 57 Mo. App. 462, it was held that where the abstract and certificate were made for the owner of the land, and not for one to whom he conveyed it, nor for such owner as agent of such grantee, the grantee, relying thereon, and suffering loss because of encumbrances not shown by the abstract, could not recover from the abstracter. It was said that the rule applies even where the abstracter has knowledge that the certificate as to title is to be used in a sale or loan to advise the purchaser or lender. In *Savings Bank* v. *Ward*, 100 U. S. 195, the attorney never came in contact with the lender or his agents, but made his report at the sole request of the claimant of the land, the borrower; there being no fraud or collusion. It was held that the lender could not recover from the attorney. It was said that where there is neither fraud nor collusion nor privity of contract, the party will not be held liable, unless the act is one imminently dangerous to the lives of others, or is an act performed in pursuance of some legal duty. In that case, the opinion of the majority being delivered by Mr. Justice Clifford, Mr. Chief Justice Waite dissented (Swayne and Bradley, JJ., concurring with him), and said he thought if a lawyer employed to examine and certify to the recorded title of real property gives his client a certificate which he knows, or ought to know, is to be used by the client in some business transaction with another person as evidence of the

facts certified to, he is liable to such other person relying on his certificate for any loss resulting from his failure to find or record a conveyance affecting the title, which, by the use of ordinary professional care and skill, he might have found.

In *Dickle* v. *Abstract Co.*, 89 Tenn. 431, 14 S. W. 896, 24 Am. St. 616, the plaintiff purchased land from Bowman, but declined to do so until furnished with an abstract. Bowman applied to the defendant to make an abstract, and paid for it. The defendant furnished the abstract to Bowman and guaranteed it to be a true and perfect abstract of title. The plaintiff purchased on the faith of it. The deed from Bowman to the plaintiff was prepared by the defendant. Certain conveyances of a part of the land were not shown by the abstract. The defendant was held responsible to the plaintiff. The case is subjected to some criticism in the note thereto in 24 Am. St. 617, because, so far as appears from the opinion, the person in whose favor the action was brought did not apply to the searcher of records for the abstract of title, nor was he in any respect brought in any contract relation with him. An attorney who examined the title to real estate for the party by whom a loan was made secured by mortgage was held not responsible to an assignee of the mortgage. *Dundee, etc., Co.* v. *Hughes*, 20 Fed. 39.

In *Talpey* v. *Wright*, 61 Ark. 275, 32 S. W. 1072, it was held that an abstracter employed by a landowner to prepare an abstract of title for the purpose of procuring a loan upon mortgage, was not liable to an assignee of the notes secured by the mortgage, who took the notes in reliance upon the abstract, for loss occasioned by negligent omission of certain defects in the title from the abstract. In discussing the opinion of Mr. Justice Clifford in *Savings Bank* v. *Ward*, 100 U. S. 195, and the decision in *Dickle* v. *Abstract Co.*, *supra*, it is said that in the former case "the defendant did not know that the abstract was intended for the use and benefit of the plaintiff, nor the purpose for which it was to be used; he

Brown *v.* Sims.

did not contract to make an abstract for the information of the plaintiff;" while in the latter case, "the defendant not only made the abstract, but prepared the deed from the grantor to the purchaser, and we infer from the opinion that he knew the person for whose use and benefit it was wanted, and the purpose of it;" and it is said that, apart from the rather broad expressions of the judge who delivered the opinion in *Dickle* v. *Abstract Co.*, "there does not seem to be any irreconcilable conflict in the points actually decided in the two cases."

In *Day* v. *Reynolds*, 23 Hun 131, where it was held there was no liability, it was remarked that there was no reason, without proof of the fact, why the defendant, who made the search, should know that the mortgagor, or his agent who procured the making of the search, was to use it in a transaction with the plaintiff, the mortgagee, or with any one else.

In *Mechanics Building Assn.* v. *Whitacre*, 92 Ind. 547, it was said that it is not by law made the duty of a county recorder to search the records and certify to the conditions of titles, but if a county recorder, for a consideration, undertook to search the records and certify to the title of real estate, and as to whether or not it was encumbered, "he would be liable upon such undertaking just as would any other person; he would be liable to the party who employed him, but not to such as might simply see and rely upon such certificate." Citing *Savings Bank* v. *Ward*, 100 U. S. 195.

In *Schade* v. *Gehner*, 133 Mo. 252, 34 S. W. 576, it was held that the right of action for negligence in the examination of the title to land does not exist in favor of others than the parties to the contract or their privies, although damages may have resulted to such other persons by reason of the negligence. In that case, the examination having been made for a purchaser, and under employment by him, it was held that a right of action for such negligence did not exist in favor of the purchaser's widow and sole devisee and legatee.

The court, referring to cases cited in support of a contrary view, said that they would be found to hold that the particular circumstances of those cases brought the party injured, though not the party directly employing the abstracter, into privity with his contract, and created a duty to him as well as to his immediate employer.

In *Buckley* v. *Gray*, 110 Cal. 339, 42 Pac. 900, 31 L. R. A. 862,—an action against an attorney to recover for his negligence in drafting and executing the will of the plaintiff's mother, whereby the plaintiff was deprived of benefits intended by the testatrix,—it was held that there could be no recovery. The court stated, as a general doctrine, that an attorney is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone,—that is, to the one between whom and the attorney the contract of employment and service existed, and not to third parties; that where there has been no fraud or collusion or malicious or tortious act, the rule is universal that for injury arising from mere negligence, however gross, there must exist between the party inflicting the injury and the one injured some privity by contract or otherwise, by reason of which the former owes some legal duty to the latter.

*Lawall* v. *Groman*, 180 Pa. St. 532, 37 Atl. 98, was an action to recover damages for alleged loss occasioned by the negligence of an attorney at law. It was said by the court that if the defendant, the attorney, knowing that the plaintiff, the lender, was relying upon him in his professional capacity to see that her mortgage was the first lien, although Roberts, the borrower, was to pay the fees, undertook to perform that duty, he was bound to do it with ordinary and reasonable skill and care in his profession, and would be liable for negligence in that respect.

In *Siewers* v. *Commonwealth*, 87 Pa. St. 15, it was said that for the accuracy and truthfulness of his search and certificate a prothonotary was responsible to the persons who employed him to render the service, and not to others; yet where

Brown *v.* Sims.

the certificate was given to the borrower, but the agent of the lender, not being satisfied, to ascertain whether the certificate was correct, asked the prothonotary whether it was correct, and the latter replied that it was, and took the certificate and again made the search, and returned the certificate to said agent, saying that it was correct, and that there were no other judgments, and the agent then relying on the certificate lent the money, it was held that this was a republication of the certificate, a renewal and delivery thereof to the lender, and that the officer was liable for his negligence in the search.

It is very well known that the owner of real estate seldom incurs the expense of procuring an abstract of the title from an abstracter, except for the purpose of thereby furnishing information to some third person or persons who are to be influenced by the information thus provided. If the abstracter in all cases be responsible only to the person under whose employment he performs the service, it is manifest that the loss occasioned thereby must in many cases, if not in most cases, be remediless. Where the abstracter has no knowledge that some person other than his employer will rely in a pecuniary transaction upon the correctness of the abstract, the general rule that his duty extends only to his employer must be maintained. How far exceptions ought to be countenanced, we will not now undertake to say, but, confining ourselves to the case before us, we are of the opinion that the facts stated in the complaint are sufficient to put the defendant to his answer. Here there was actual communication between the abstracter and the person for whose information the abstract was prepared. The appellant had refused to make the loan until he should be furnished with an abstract, and the abstracter was informed that his abstract was to be used for the particular purpose of inducing the plaintiff to make a loan secured by mortgage on this real estate. He delivered the abstract to the appellant for his use, and certified it to be a correct and true abstract of title;

and he represented to the appellant, before he made the loan, that the title was free and unemcumbered, and that there was no lien on the real estate; and the appellant informed the abstracter that he would rely entirely on the abstract and his representations; and the abstracter informed the appellant, before he made the loan, that he could so rely; and the appellant did so rely in making the loan, having no other knowledge or information. ¶ We think it can not properly be said that the appellee did not owe a duty to the appellant arising under the contract, the attending circumstances indicating that it was the understanding of all the parties that the service was to be rendered for the use and benefit of the appellant, the particular person who was to loan his money in reliance upon what the abstracter should do and represent in the premises. If such a duty did arise, the appellee was bound to the person to whom he owed the duty to perform it with reasonable care and skill. However broad and inclusive the statements of the general doctrine in the decided cases, we think that when the facts involved, and the reasons stated in the opinions, to some of which we have referred, are considered, it must be concluded that the view we take of the pleading before us is sustained by the authorities.

The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint.

Henley, J., dissents.