## OHMART ET AL. *v.* CITIZENS SAVINGS AND TRUST COMPANY.

[No. 12,004. Filed December 9, 1924.]

1. ABSTRACTS OF TITLE.—*Abstractor not liable to subsequent purchaser of real estate for omissions in abstract without knowledge of intended sale.*—An abstractor of titles who, at the request of the owner of real estate, prepared an abstract of the title thereto, from which certain judgments were omitted, was not liable to one purchasing the land ten months thereafter, although he relied upon the correctness of the abstract in making the purchase, where the abstractor had no knowledge that anyone intended to purchase the property and had no contractual relations with said purchaser. p. 222.

2. ABSTRACTS OF TITLE.—*Custom as to procuring abstracts does not create liability of abstractor.*—The fact that there was a

custom in the community in which an abstractor did business that the owner of real estate procured an abstract of title when intending to sell or encumber his land, for the use of the prospective purchaser or lender in examining the title, cannot create a liability on the part of the abstractor.    p. 222.

3.    CUSTOMS AND USAGES.—*Cannot create liability where none otherwise exists.*—A custom or usage cannot create a liability where none otherwise exists, but can only be used to explain or aid in the interpretation of a contract or liability already existing independent of it.    p. 222.

From Wabash Circuit Court; *Frank O. Switzer,* Judge.

Action by Levi Ohmart and anotner against the Citizens Savings and Trust Company.    From a judgment for defendant, the plaintiffs appeal.    *Affirmed.*

*D. F. Brooks,* for appellants.

*Alfred H. Plummer* and *Franklin W. Plummer,* for appellee.

NICHOLS, P. J.—Action by appellants against appellee to recover damages suffered because of a defective abstract.

It appears by the complaint that appellee was an abstractor holding out to the public that it was competent and capable of properly abstracting the records of Wabash county; that one Berry was the owner of certain lots in the town of Laketon, in said county, and that appellants contracted to purchase the same; that said Berry procured from appellee an abstract for said lots for the use of appellants for the purpose of determining whether there were any liens against the same; that they relied upon the abstract, which failed to disclose certain judgments of record in the clerk's office of said county, and that, because of such failure, they were compelled to pay the judgments of which they had no knowledge until after they paid the full purchase price for the real estate, and after the death of said Berry and the final settlement of his estate.

There was an answer in four paragraphs to the complaint, the first, a denial; the second avers that appellee did not know that such abstract was to be used by anyone else, that it had no contract with appellants in making the abstract, and that appellants did not purchase the real estate until ten months after the abstract was certified and continued. The third paragraph avers that the abstract was made for Berry, that appellee had no contract with appellants and that appellants took the real estate with full knowledge of the judgments. The fourth paragraph avers that appellee omitted the judgments referred to in the complaint, but that it compiled the abstract for Berry, and that it had no knowledge that appellants intended to purchase the real estate, and was not so informed by Berry, and had no information that the abstract was to be used for the purpose of disclosing liens on the real estate described therein to prospective purchasers. It further avers that appellants knew of the existence of the liens.

The demurrer to each of these paragraphs was overruled. Appellants replied by denial and by a second paragraph alleging a custom with reference to the use of abstracts.

There was a trial by the jury, and, at the close of the evidence, the court sustained appellee's motion to instruct the jury to return a verdict for appellee. After motion for a new trial was overruled, judgment was rendered accordingly.

Appellants assign as error the action of the court in overruling the respective demurrers to the second, third and fourth paragraphs of answer, in instructing the jury to return a verdict for appellee, and in overruling appellant's motion for a new trial. But they state that they are not much concerned about the assignments of error except the sixth, in which they complain of the court's action in overruling their motion

for a new trial, which presents the merits of the case, and under which they insist that the verdict of the jury was not sustained by sufficient evidence and that it was contrary to law.

It will be noted that the complaint in this case is based upon the fact that appellee did not make and furnish a complete abstract, as it had undertaken to do, and that it is not based upon a "false certificate" attached to such abstract.

It is appellants' contention that abstractors are liable to any person relying upon the abstract and suffering damages thereby, while appellee contends that in actions like this there must be a privity of contract between the abstractor and the person using and relying upon the abstract before there can be a recovery.

It appears by the undisputed evidence that appellee prepared a continuance of the abstract involved on March 14, 1919, at which time, it failed to abstract the judgments which appellants were afterward compelled to pay. Appellants admit that they were not interested in the purchase of the property, and did not become interested therein, until in January, 1920, about ten months after appellee had certified the abstract. It was also admitted by appellants that neither they nor either of them ever had any contract with appellee, that appellee never knew that they or either of them ever intended to purchase the real estate abstracted, or had any relations with them, that appellants did not have the abstract brought down to the date of the purchase.

In *Brown* v. *Sims* (1899), 22 Ind. App. 317, 72 Am. St. 308, it was held that where a landowner employed an abstractor of titles to prepare an abstract of 1-3. certain real estate on which he desired to obtain a loan, and such abstract was prepared and cer-

tified as correct showing the real estate free from liens, and was delivered by the abstractor to the lender and relied on in making the loan, an action could be maintained by the lender against the abstractor for damages suffered because of the lien not being abstracted. But that case, after citing numerous authorities, states the rule which, it seems to us, must control here, that where the abstractor had no knowledge that some other person other than his employer will rely in a pecuniary transaction upon the correctness of the abstract, the general rule that his duty extends only to his employer must be maintained. While it may be well contended that this statement is *obiter dictum,* yet the rule as announced is well established. It was so held in *Equitable Building & Loan Assn.* v. *Bank of Commerce* (1907), 118 Tenn. 678, 102 S. W. 901, 12 Ann. Cas. 407, in which case numerous authorities are cited to sustain the principle. This case is also reported in 12 L. R. A. (N. S.) 449, with an extensive note in which the authorities are reviewed. Another case clearly in point is that of *Thomas* v. *Trust Co.* (1910), 81 Ohio St. 432, 91 N. E. 183, 26 L. R. A. (N. S.) 1210. This case answers appellants' contention that appellee was liable because of a custom in the community in which the transaction occurred, which was well known to appellee, that the owner of real estate should procure an abstract or certificate of title and encumbrances whenever he proposed to sell or in any manner encumber the same, the authority holding that usage or custom can only be used to explain or aid in the interpretation of the contract, or a liability already existing independently of it, and that such usage or custom cannot create a contract or liability where none otherwise exists.

With the undisputed facts before us, we hold, under the circumstances of this case, that appellee was not

liable to appellants and that the motion for a new trial was properly overruled.

Judgment affirmed.