PEYRONNIN CONSTRUCTION CO., INC. *v.* WEISS ET AL.

[No. 20,219. Filed July 1, 1965. Rehearing
denied July 30, 1965.]

*D. Bailey Merrill, W. Jack Schroeder, R. Eugene Johnson, Thomas M. Swain,* and *Merrill, Schroeder, Johnson & Kleindorfer,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger, Eugene P. Fine, Donald R. Wright,* and *Edward E. Meyer,* of counsel, all of Evansville, for appellees.

MOTE, J.—This action was brought in the Vanderburg Probate Court by appellant, a prime contractor, against appellees, engineers, for damages allegedly caused by the negligence of the latter in making erroneous estimated computations of the amounts of dirt to be excavated and to provide fill from off the site on a certain construction job, which said estimated computations were prepared by appellees for and conveyed to one Elmer Reininga, excavation subcontractor on said job, and not a party to the said action.

To Paragraph One and Two of appellant's First Amended Complaint, appellees first addressed motions to strike out certain parts of each paragraph of complaint, which motions were overruled, and then addressed motions to require each of said paragraphs be made more specific, definite and certain and to state facts to support the conclusions. These motions were also overruled.

Appellees then filed their separate and several demurrers to Paragraphs One and Two of said First Amended Complaint with memorandum attached to and made a part thereof, designed to show that the material, well pleaded facts were insufficient to state a cause of action.

These demurrers were sustained and appellant filed its Motion to Reconsider the said Ruling and Order of the Vanderburgh Probate Court thereon and to vacate the same. While this motion was pending appellant filed its Motion and Affidavit for change of venue from the county. The venue was changed to the Pike Circuit Court, Pike County, Indiana. Appellees filed motion in the latter mentioned court to "Strike Plaintiff's Motion to Reconsider" which motion was sustained. Appellant refused to plead further and finding and judgment were entered in the Pike Circuit Court against appellant and for and in behalf of appellees herein, resulting in this appeal.

Paragraphs One and Two of said complaint and the demurrers thereto with memorandum attached are quite lengthy, and in the interest of brevity we shall attempt to paraphrase the allegations in respect thereto, after first observing that in the oral argument appellant asserted that Paragraph One of complaint is based upon *res ipsa loquitur*, and that Paragraph Two is based upon specific acts of negligence of the appellee.

In substance, Paragraph One of the complaint alleged the following:

Appellant is a corporation engaged in the business of general contracting; the defendants are partners doing business under the name of Architectural Services, holding themselves out to the public as licensed architects and engineers competent to give engineer-

ing estimates within acceptable construction tolerances, particularly as to quantities of dirt to be excavated or dirt fill to be provided in developing a specified land site; and on the 6th day of June, 1960, and for several days prior thereto, appellant was preparing to make a bid as general contractor for the construction of William Henry Harrison High School in Evansville, Indiana, in connection with which appellant requested Elmer Reininga, doing business as Elmer Reininga Construction Company, to submit a bid as sub-contractor for the necessary excavation, filling and grading (exclusive of footing and piers) according to plans and specifications; that appellant knew Reininga was not competent to compute acceptable and dependable estimates and, therefore, suggested to Reininga that in order for his bid as sub-contractor to be considered and accepted by appellant, such bid must be based upon engineering estimates of the amount of dirt to be excavated and the amount of dirt fill to be provided from off the site, which estimates could be prepared by the appellees; that in compliance with appellant's suggestion and for valuable consideration, said Reininga employed appellees to provide him with engineers' estimates of the amount of dirt to be excavated and dirt fill to be provided, and that appellees undertook the work and responsibility of such employment; that Reininga told appellee Weiss that said estimates were to be used by him in preparing a sub-contractor's bid to be submitted to and used by appellant in making a bid for the construction of said high school building; that appellee Weiss had prepared such engineers' estimates for Reininga and from past experience with Reininga, said appellee Weiss knew that Reininga would rely upon such estimates and that said Reininga would prepare his sub-contractor's bid based

upon such estimates by multiplying the engineers' said estimates as to the amount of dirt to be excavated and fill to be provided from off the job site, by a given amount in dollars per cubic yard; that Reininga provided appellee Weiss with plans showing the topography of the site as it existed prior to the beginning of the construction and as it would exist after the work proposed to be done by Reininga; that if any additional information were needed appellees should directly contact plaintiff or its Vice President, Edmund G. Schmitt; that during preparation of said engineers' estimates appellees or their employees were in direct communication with appellant and its employees and that from such contacts appellees knew that appellant was relying upon appellees and upon no other persons to provide Reininga with accurate estimates so that Reininga's bid to appellant would be dependable, having been based upon engineers' estimates; that knowing said engineers' estimates would be relied upon by Reininga as accurate, that he, Reininga, would apply a cost factor to said estimates, thus to determine the amount of his bid, and knowing that appellant was relying upon appellees only to provide said Reininga with accurate estimates so that Reininga's bid to appellant would be dependable, appellees undertook the responsibility of preparing such estimates for Reininga; that when an error was discovered in the estimates by appellees, appellee Weiss went directly to appellant and advised him of the error prior to advising Reininga and without first consulting him relative thereto, because said appellee Weiss knew that plaintiff was relying directly upon appellees to provide the said Reininga with accurate engineers' estimates.

It was alleged that the said estimates so prepared

indicated that 7,769 cubic yards of dirt would have to be excavated and 11,940 cubic yards of dirt would be required for filling, so that 4,171 cubic yards of dirt would have to be brought in.

It further alleged that appellant had nothing to do with, nor had any knowledge of, the computation or determination of said estimates, but relied entirely on the knowledge, skill, judgment and care of appellees, who negligently made a mistake or an error in preparation of said estimates in the manner aforesaid, which caused the damage to appellant who relied upon the accuracy of said engineers' estimates; that Reininga submitted his sub-contractor's bid for the total price of Sixteen Thousand, One Hundred ($16,100.00) Dollars, and knowing that his said bid was based upon appellees' said estimates and in reliance thereupon and without any other knowledge in the matter, on June 6, 1960, appellant submitted a bid as general contractor, according to plans and specifications, for Two Million, Three Hundred Ninety-Four Thousand, Nine Hundred and Ninety-Eight ($2,394,998.00) Dollars for the base bid and a maximum bid of Two Million, Five Hundred Twenty-Three Thousand, Five Hundred and Fifty-Three ($2,523,553.00) Dollars with alternates, with which was submitted a bidder's bond in the sum of One Hundred Twenty-Six Thousand, Five Hundred ($126,-500.00) Dollars, which bond secured the acceptance by plaintiff of an award of the contract within sixty (60) days.

It was further alleged that at the time of making the said bid said appellant had in its possession other bids from sub-contractors offering to do that work which Reininga bid upon, the lowest of which was Sixty-Eight Thousand ($68,000.00) Dollars, thus cre-

ating a difference of approximately Fifty-One Thousand, Nine Hundred ($51,900.00) Dollars.

Appellant alleged that the next lowest bid for the general contract was Eighty Thousand ($80,000.00) Dollars in excess of its bid.

It is also alleged that the construction contract was awarded to appellant and Reininga undertook to perform the obligations of his contract which was let to him; Reininga was unable to complete the work, and that he was financially unable so to do; hence, it was necessary for appellant to employ the Floyd Staub Company to complete the work of Reininga, after appellees failed and refused to accept any liability therefor, and appellant sought Fifty Thousand ($50,000.00) Dollars in damages.

Paragraph Two of the complaint incorporated rhetorical paragraphs 1, 2, 3, 4, 5, 6 and 7 of Paragraph One of the complaint and specifically alleged that appellees were guilty of negligence as follows:

"a. The defendants negligently failed to make proper computations in the preparation of said estimate.

b. The defendants negligently failed to read properly said elevations and grades contained in said plans.

c. The defendants negligently failed to prepare an engineering estimate which was correct and accurate within acceptable engineering tolerances or limits for the purpose known to the defendants.

d. The defendants negligently failed to follow up, check and correct said estimate.

e. The defendants negligently failed to accurately compute the amount of dirt to be excavated or dirt fill to be provided according to said architectural plans and specifications."

Said Paragraph Two also incorporated rhetorical

paragraphs 9 to 15, inclusive, of Paragraph One of said complaint into said Paragraph Two.

As above stated, appellees filed their Motion to Strike Out and their Motion to Make More Specific, both of which were overruled.

This, then, brings us to the question of whether there was error in sustaining appellees' demurrer to Paragraphs One and Two of the complaint as above set forth. The demurrer was addressed to both paragraphs of amended complaint and was predicated on the contention that neither of said paragraphs stated sufficient facts to constitute a cause of action. The memorandum attached to the demurrer contained fourteen (14) specifications and one of the contentions is that since the plaintiff opposed the Motion to Make More Specific, all conclusions of fact are to be disregarded when a complaint is tested by demurrer. The memorandum also asserts that the first paragraph shows no relationship to the parties to this appeal; that Paragraph One fails to allege facts to show that all elements of the bid prepared by Reininga and submitted to the plaintiff were under the exclusive control and management of appellees, as said first paragraph affirmatively shows that appellees' estimate was only one of several elements or factors in the computation of Reininga's bid, which said bid was conveyed to appellant, and it further shows that appellant had copies of the plans and specifications. Said paragraph fails to state facts which tend to show that appellant sustained any damages proximately caused by any breach of duty owed to appellant by appellees; that it fails to allege any facts that there was any relationship between the parties hereto which would entitle appellant to rely upon appellees; that it fails to allege facts showing that appellant could

reasonably rely upon the bid prepared by Reininga; that it fails to allege facts to show that appellant, in fact, did rely upon the work of appellees; that it fails to state facts to show that Reininga reasonably relied upon the work of appellees; that it fails to allege facts to show that appellant reasonably relied upon the work of appellees; that it does allege facts which show that Reininga was guilty of contributory negligence as a matter of law; that it alleges facts which show that appellant was guilty of contributory negligence as a matter of law; that at the time appellant allegedly relied upon the work of the appellees, appellant had a bid from a "competent" contractor to perform the same work to be performed by Reininga under a bid of Sixteen Thousand, One Hundred ($16,100.00) Dollars for the amount of Sixty-Eight Thousand ($68,000.00) Dollars, which allegation affirmatively shows that the appellant failed reasonably to rely upon the work of appellees, and also that appellant was guilty of contributory negligence as a matter of law, which said negligence was proximately the cause of appellant's alleged damages; also that it failed to allege facts to show that the damages complained of were caused by the conduct of appellees or any reasonable reliance thereon.

The memorandum in support of the demurrer to Paragraph Two of said amended complaint appears to contain approximately the same statements as the memorandum in support of the demurrer to Paragraph One of said amended complaint.

Even though a motion to strike out parts of a complaint is well recognized by our statutes, it often, and over a long period of time, has been held that it is not reversible error to overrule such a motion. See *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456.

The rule is much different with respect to a motion to make more specific. We understand it to be the practice and a well accepted principle of law ■ that where there is an adverse ruling on a motion to make more specific, when considering the pleading to which said motion is addressed in respect to a demurrer thereto, particularly when said motion to make more specific is opposed by the adversary party, only facts well pleaded, the ultimate and issueable facts may be considered in the court's ruling on such demurrer. Conclusions of fact alleged in a complaint may not be considered if there has been a preceding motion to make more specific overruled. *Davis* v. *Louisville and Nashville Ry. Co.* (1961), 132 Ind. App. 419, 173 N. E. 2d 749.

The motions addressed to Paragraph One and to Paragraph Two of the amended complaint are quite lengthy; they have attacked approximately all the conclusions alleged in the complaint, and we think it is unnecessary to set forth the exact phrases, sentences and entire paragraphs attacked by the said motions to make more specific. This opinion would be too long were we to do so.

It is our opinion that Paragraph One of the amended complaint is entirely insufficient to bring it within the doctrine of *res ipsa loquitur* and it is also ■ our opinion that both paragraphs of complaint were wholly deficient in allegations of fact to state a cause of action.

Appellant almost exclusively relies, in support of its contentions that each paragraph of complaint does state a cause of action, on the case of *Brown* v. *Sims* (1899), 22 Ind. App. 317, 53 N. E. 779, in which the facts appear to be wholly different from the facts set

forth in either paragraph of appellant's amended complaint.

In *Brown* v. *Sims, supra,* as stated by appellant in its brief:

"The Appellate Court of Indiana decided the liability of an abstracter to a third person, when the abstracter had prepared an abstract at the request of the owner of the land and *furnished the abstract to the third person.*" (Emphasis supplied.)

In the last above mentioned case the abstracter appears to have specifically told the third person that the land was free and clear of all judgments, mortgages, liens of every kind and description and informed said third person that he could rely upon such representations and that the title was perfectly good, which brought the court to comment as follows:

. . . *He* (the abstracter) *delivered* the abstract to the appellant for his use, and certified it to be a correct and true abstract of title; and he represented to the appellant, before he made the loan, that the title was free and unencumbered, and that there was no lien on the real estate; and the appellant informed the abstracter that he would rely entirely on the abstract and his representations; and *the abstracter informed the appellant, before he made the loan, that he could so rely*; and the *appellant did so rely* in making the loan, having no other knowledge or information. . . ." (Emphasis supplied.)

It is immediately apparent that the court, in the last above mentioned case, concluded that the appellee owed a duty to appellant arising out of the contract, inasmuch as it was understood by all the parties that the abstracter's services were to be rendered for the use and benefit of appellant, the third party to the transaction. It seems to us that there is a clear distinction between the facts in that case and

the one at bar. Neither paragraph of the complaint before us alleges facts to show that an erroneous estimate was ever delivered to the appellant by the appellees, nor were any promises or assurances made by appellees to appellant. In the case at bar we find no allegations of fact that there was any relationship existing between the parties to this appeal creating a duty of appellees to appellant. We also find no allegations concerning privity of contract between the parties, nor do we find alleged in either paragraph of said complaint that there was any consideration passing from appellant to appellees.

Similarly, we do not find *Glanzer et al.* v. *Shepard et al.* (1922), 233 N. Y. 236, 135 N. E. 275, a New York case, to have presented a pattern of facts similar to the pattern of facts in the case before us. In *Glanzer* v. *Shepard, supra,* as cited in appellant's brief, the court stated:

> "He is a public weigher, further furnished a copy of his certificate to the buyer for that purpose."

The court, in the last mentioned case, found that the weigher furnished copies of certificates to the buyer, upon which statements said weigher knew that settlement would be made and based thereon, as the result of which the weigher was liable to the buyer for furnishing directly copies of said weighing certificates.

We also reach the conclusion that the case of *Doyle* v. *Chatam & Phenix Nat. Bank* (1930), 253 N. Y. 369, 171 N. E. 574, is not applicable to the facts of the case at bar.

Appellant also cites the case of *Ohmart* v. *Citizens etc. Trust Co.* (1924), 82 Ind. App. 219, 145 N. E. 577, which more nearly seems to support appellees' con-

tentions herein than those of appellant. In *Ohmart* this Court affirmed a judgment in favor of the ab-stracter and held that there must be a privity of contract between the one seeking recovery and the one against whom liability is asserted, if there is to be recovery. At page 222 of the Report the Court said:

> "It is appellants' contention that abstractors are liable to any person relying upon the abstract and suffering damages thereby, while appellee contends that in actions like this there must be a privity of contract between the abstractor and the person using and relying upon the abstract before there can be a recovery."

The Court in *Ohmart* appears to have comprehended the facts in such a manner that the trial court herein, and this Court now, was and is justified in arriving at conclusions and decisions on what may be said to be similar factual situations. If this is true, which we think it is, it follows that the rulings of the trial court on the demurrers to appellant's Paragraphs One and Two of the amended complaint are correct and no prejudicial error has been demonstrated in this appeal.

This Court also is constrained to hold that the positive allegations of fact by appellant in Paragraphs One and Two of the amended complaint, that it had an estimate for the sub-contractor's work involved herein for the sum of Sixty-Eight Thousand ($68,000.00) Dollars before appellant submitted its bid for the general contract, for the same job as Reininga was to perform for Sixteen Thousand, One Hundred ($16,100.00) Dollars, is tantamount to a confession that appellant itself was negligent, particularly since the record shows there was no effort whatever to reconcile the vast difference between the sums proposed, and blindly proceeded

with Reininga's estimate in computing and submitting its bid for the general contract. If it successfully could be argued that our holding and determination of all the other factors involved should be determined against appellees, and for appellant, which we think would not be just, for the reasons hereinabove stated, this Court would have to conclude, in consideration of the adequacy of the complaint, both Paragraphs One and Two, that appellant, as a matter of law, was guilty of contributory negligence and, hence, neither paragraph of amended complaint is sufficient to withstand the demurrers. The record in this appeal is of such character that we have been required to attempt distillation of attitudes, facts, and the advancement of alleged errors, which has not been easy, and finally we say that this appeal, like many others, has cast a burden upon this Court of trying to search for specific errors which are not clearly advanced and supported by cogent argument on specific assertions of error.

Judgment affirmed.

Bierly, C. J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 489.