CRAMER v. ECHELBARGER.

[No. 20,485. Filed March 20, 1968. No petition for rehearing filed.]

*Tague & Smith,* of Brookville, *Greeley Gay,* of Versailles, for appellant.

*Alan H. Lobley,* of Indianapolis, *John H. Himelick,* of Connersville, *Ice Miller Donadio & Ryan,* of Indianapolis, *Himelick, Himelick & Smith,* of Connersville, of counsel, for appellee.

PFAFF, J.—The appellee, Janet Echelbarger, brought two actions against the appellant, Lillian Cramer, one to contest the last will and testament of Ross M. Cramer and the second to cancel and set aside deed and to quiet title to certain real estate. These actions were consolidated for trial and tried to the court.

The court found for the appellee and entered judgment accordingly, the pertinent part of which reads as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that all of the property of which Ross M. Cramer died the owner, both real and personal tangible and intangible, of every kind and

character, was held by him at the time of his death in an express trust for the benefit of the plaintiff herein, Janet Echelbarger, who, upon the death of Ross M. Cramer became the owner of all of his property and estate and entitled to full possession thereof. That John H. Himelick be, and he now is, appointed as trustee with the power and authority under this decree to marshal and collect all of the property, monies, real estate and growing crops and other equity of which Ross M. Cramer died the owner, and deliver the same to the plaintiff herein in fulfillment and execution of the trust."

The appellant filed her motion for new trial, contending (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; and (3) that the court erred in overruling appellant's motion objecting to the consolidation of these actions. The appellant now assigns as error the overruling of this motion for new trial.

The record discloses the following facts:

Ross and Hazel Cramer were married in 1938. It was the second marriage for both parties. Hazel brought to her marriage a farm that had been in her family since 1838. Subsequent to the second marriage, she conveyed the farm to a trustee, who then reconveyed it to Ross and Hazel Cramer in the entireties.

In 1945 Ross and Hazel Cramer made mutual and reciprocal wills pursuant to an agreement that the survivor would will or convey all of the property of the marriage to the appellee, Janet Echelbarger, Hazel's daughter by her first marriage. Hazel Cramer died on August 2, 1958, and her last will and testament was duly admitted to probate. On April 22, 1961, Ross Cramer married the appellant, Lillian Cramer, and subsequently executed a new will bequeathing his personal property to Lillian and devising the real estate to Janet. In June of 1963 Ross Cramer executed another will advising one-half of the real estate to Lillian and one-half to Janet. Thereafter, on December 18, 1963, Ross Cramer executed an-

other and new will in which he left all of his estate to the appellant if she survived him, and if she predeceased him, then to the appellee upon his death. On the same date Ross Cramer and Lillian Cramer conveyed the real estate to a trustee, who in turn reconveyed it to them as tenants by the entirety. Ross Cramer died on April 8, 1964, and his last will and testament dated December 18, 1963, was duly admitted to probate.

The appellee contends that the acts of Ross Cramer in having the subject real estate reconveyed to himself and his third wife in the entireties and in executing a new will leaving the real estate to Lillian Cramer contravened an agreement which existed between him and his second wife, Hazel Cramer.

In *Lawrence* v. *Ashba* (1945), 115 Ind. App. 485, 59 N. E. 2d 568, this court stated:

"A will is generally ambulatory until the death of the testator, and mutual and reciprocal wills, unless founded on or embodying a binding contract, may be revoked at pleasure."

However, a contractural obligation which is created by a joint or mutual will made pursuant to agreement is enforceable, and equity will not suffer one of the contracting parties to defraud and defeat his obligation, but will fasten a trust on the property involved. *Lawrence* v. *Ashba, supra,* and cases cited.

"The burden of proving that mutual and reciprocal wills were made pursuant to a valid and enforceable contract is on those who assert such to be true, and where the wills, unaided, are not sufficient to show the contract, the agreement may be proved by the testimony of the witnesses who know the facts, by admissions, acts, and conduct of the parties and other circumstances.

"The evidence as to mutual and reciprocal wills must be full and satisfactory, and indeed the rule requires the agreement to be established by evidence clear, definite, convincing, unequivocal and satisfactory." 29 I.L.E., *Wills*, § 6, p. 196; *Lawrence* v. *Ashba, supra; Plemmons* v. *Pemberton* (1940), 346 Mo. 45, 139 S. W. 2d 910.

With these rules in mind we examine the evidence. It reveals that the existence of an agreement between Ross and Hazel Cramer was well known and disclosed to their business and social acquaintances. The evidence also reveals that Hazel Cramer's last will and testament included a provision indicating the existence of said agreement. Item II of said will reads as follows:

> "I hereby give, devise and bequeath all of my property, be the same real or personal, wherever situate, to my husband, Ross M. Cramer. In making this bequest I am not unmindful of my daughter, Janet but have the fullest confidence in the promise of my husband that, at his death, he will leave all of our property of which he has possession to Janet."

In our opinion this evidence, in view of the surrounding circumstances was sufficient to meet the requirement of the rule and sustain a finding that the wills were mutual and reciprocal wills made pursuant to a valid and enforceable contract.

The court did not err in consolidating the causes for trial. Consolidation lies within the sound discretion of the trial court and cannot and should not be prevented by a party if consolidation is proper. This is particularly true where consolidation is essential to serve the ends of justice and to avoid a multiplicity of actions and to save the litigants the cost and expense of multiple actions. Certainly, appellant was not deprived or restricted in respect of any defenses which she might have had to the original separate causes of action. Consolidation should be encouraged where the separate causes involve a common question of law or fact. Rule 1-4A, Rules of the Supreme Court. The trial court did not abuse its discretion in consolidating these cases.

Judgment affirmed.

Carson, C. J., Cook, P. J., and Bierly, J., concur.

NOTE.—Reported in 234 N. E. 2d 864.