PEOPLES FEDERAL SAVINGS AND LOAN ASSOCIATION OF EAST CHICAGO, INDIANA, a United States Corporation, Appellant (Plaintiff Below),

v.

Maurice WILLSEY a/k/a Jack Willsey, Dorothy C. Willsey, Joseph A. Bachleitner and Betty L. Bachleitner, Appellees (Defendants Below).

No. 3–783A216.

Court of Appeals of Indiana, Third District.

July 31, 1984.

Rehearing Denied Oct. 2, 1984.

Frank J. Bochnowski, Straley M. Thorpe, Munster, Kenneth M. Wilk, Hammond, for appellant.

Theodore J. Nowacki, Bose, McKinney & Evans, Indianapolis, for Sav. and Loan League of Ind., Inc., amicus curiae.

William J. Moran, Highland, for appellees Willsey.

STATON, Presiding Judge.

Peoples Federal Savings and Loan (Peoples) sued Maurice and Dorothy Willsey

(Willseys) seeking to accelerate their note and to foreclose upon their mortgage after Willseys sold the mortgaged real estate to Joseph and Betty Bachleitner (Bachleitners) under a conditional land sale contract. Peoples also named Bachleitners as defendants and sought to have its interest declared superior to theirs. Peoples appeals from the trial court's grant of summary judgment in favor of Willseys. Two issues are presented in this appeal:

(1) Whether Peoples' motion to correct errors is sufficient to preserve its right to appeal; and

(2) Whether Willseys' contract sale of the mortgaged premises to Bachleitners entitles Peoples to accelerate the loan pursuant to the "due on sale" clause contained in the mortgage.

Affirmed.

## I.

### Motion to Correct Errors

Willseys contend that Peoples has failed to preserve any error for review because its motion to correct errors lacks specificity. Peoples timely filed its motion to correct errors which reads:

"Plaintiff moves the court to set aside the judgment entered on March 3, 1983 in this cause, and to enter judgment granting the relief sought by the plaintiff in its complaint, on the grounds:

1. The Court committed an error of law in denying the plaintiff's Motion for Summary Judgment.

2. The Court committed an error of law in granting defendant's Motion for Summary Judgment.

3. The Judgment of the Court is contrary to law in that it is based on an incorrect determination of a pure question of law, to-wit: whether the actions of the defendants constituted a violation of the 'due-on-sale' clause contained in the agreement between the parties."

Ind.Rules of Procedure, Trial Rule 59(D)(2) provides:

"(2) Content of Motion. In all cases in which a motion to correct error is made, such motion shall separately state the error or errors which are claimed. The error claimed is not required to be stated under, or in the language of the bases for the motion allowed by this rule, by statute, or by any other law. Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."

The purpose of requiring a motion to correct errors is to apprise the trial court of errors which may be raised on appeal. *Libunao v. Libunao* (1979), 180 Ind.App. 242, 388 N.E.2d 574; *Thompson Farms v. Corno Feed Products* (1977), 173 Ind.App. 682, 366 N.E.2d 3. In this case, we find paragraph three of the motion sufficiently specific to preserve error. It sufficiently notifies the court of Peoples' contention that the court erred in determining the conditional sale did not trigger the operation of the "due on sale" clause contained in the mortgage agreement.

## II.

### Due on Sale Clause

On March 24, 1976, Willseys executed a promissory note and, to secure that note, granted to Peoples a mortgage on their home. The mortgage contained the following "due on sale" clause:

"(6) In the event that Mortgagor(s) shall sell and convey the real estate described in this mortgage, the indebtedness secured hereby shall, at the option of the Association, become immediately due and payable, it being the intention of the parties that the real estate shall not be sold subject to this mortgage except at the option of the Association as aforesaid."

On September 14, 1981, Willseys sold their home to Bachleitners under a contract for conditional sale of real estate. The conditional sale contract called for Willseys to immediately deliver possession of the premises to Bachleitners and for Bachleitners to pay the purchase price of the home in installments. Upon full payment of the purchase price, Willseys would deliver legal title. Peoples subsequently learned of the

sale and elected to accelerate the note. When Willseys failed to pay the balance due on the note, Peoples filed this action.

A pure question of law is presented in this appeal: whether Willseys' sale of the home under a conditional land sale contract triggers the operation of the "due on sale" clause contained in the mortgage agreement. Willseys contend the word "convey" means to convey legal title, and until legal title to the home is transferred to Bachleitners, the due on sale clause has no operation. Alternatively, they argue the use of the word "convey" creates an ambiguity in the clause, which must be strictly construed against Peoples. On the other hand, Peoples contends, and we agree, that the "due on sale" clause is not ambiguous; it clearly grants to Peoples the option to accelerate the note upon the sale of the mortgaged property.

While the arguments of the parties focus on the meaning of the word "convey", we conclude that this question of law is controlled by the final portion of the "due on sale" clause which clearly states the intention of the parties, as follows:

"it being the intention of the parties that the real estate shall not be sold subject to this mortgage except at the option of the Association as aforesaid."

■ The intent of the parties is the controlling factor in determining what their agreement actually was. *Unishops, Inc. v. May's Family Centers, Inc.* (1980), Ind. App., 399 N.E.2d 760; *Illinois Pipe Line Co. v. Brosius* (1939), 106 Ind.App. 390, 20 N.E.2d 195. The statement above clearly indicates the parties' intention to prohibit the sale of the property subject to Peoples' mortgage. However, it contains no language which prohibits the sale of the property through another type of transaction. It is well settled that "where the thing omitted is of the same class and kind as those expressed, and where the same complete and effectual disposition or control of the same may be exercised by the parties to the instrument, the expression of one or more implies the exclusion of the others." *Hartwig v. Brademas* (1981), Ind.App., 424 N.E.2d 122, 124. Peoples expressed its in-

tention to prohibit a sale subject to the mortgage. It omitted from the "due on sale" clause other types of real estate transactions. From that omission we conclude the parties did not intend to prohibit a sale of Willseys' home through a conditional land contract. ·

■ Courts can only enforce the terms of a contract as agreed upon by the parties; we have no authority to make a new or different contract for the parties. *Workman v. Douglas* (1981), Ind.App., 419 N.E.2d 1340. If Peoples wished to prohibit Willseys' transfer of the property by conditional land contract, it should have included that prohibition in the "due on sale" clause. We will not rewrite the clause to include such a prohibition. Thus, the trial court's refusal to apply the "due on sale" clause to the contract sale in this case is affirmed.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.