**Shawn Eric WALKER,**
**Appellant (Plaintiff),**

v.

**John W. LAWSON, Appellee**
**(Defendant).**

**No. 49A02–8604–CV–126.**

Court of Appeals of Indiana,
Second District.

Aug. 31, 1987.

Publication Ordered Nov. 2, 1987.

Stephen Gerald Gray, Indianapolis, for appellant.

Charles F. Cremer, Jr., Robert G. Zeigler, Tabbert, Cremer & Capehart, Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-plaintiff Shawn Eric Walker (Walker) appeals the trial court's grant of summary judgment for appellee-defendant John W. Lawson (Lawson), claiming that the trial court erred in concluding that an attorney who drafts a will owes no fiduciary duty to the beneficiaries; in determining that there was no genuine issue of material fact; and that Lawson was entitled to judgment as a matter of law.

We reverse.

## FACTS

The facts most favorable to the non-moving party (Walker) indicate that in the spring of 1980, Sybille Willard (Sybille), the mother of Walker, learned that she had cancer and approached Lawson, an attorney, about the disposition of her estate. At that time, Sybille was married to Thomas Willard (Thomas), a second childless spouse. Sybille had two sons by her first husband, one of whom was Walker. The bulk of the estate consisted of a single family residence located in Marion County, Indiana, derived from life insurance proceeds received from the death of her first husband.

Lawson suggested to Sybille that she could use a will to distribute all of her assets to her two minor sons. Walker's Complaint alleged that Lawson failed to advise Sybille that Thomas could elect to take against the will and receive a statutory share of one-third of the net personal estate of Sybille plus a life estate in one-third of her real estate. In his Answer, Lawson denied that he failed to properly advise Sybille.

A will was prepared by Lawson for Sybille providing that the entire estate pass in trust for the benefit of Sybille's two sons. The will contained a clause indicating that Thomas was purposely omitted from any devise as he would be benefiting from the residence during her lifetime and would be allowed to occupy the residence as the guardian of her two sons. *Record* at 24.

Sybille died on October 28, 1980. Subsequent thereto, Lawson prepared a document by which Thomas elected to take against the will and receive his statutory share.

The trial court found that there was no genuine issue as to any material fact and that Lawson was entitled to judgment as a matter of law.

## ISSUES

As we reverse, we deem it necessary to consider only these two issues.[1]

1. Did the trial court err in concluding that there was no genuine issue as to any material fact and that Lawson was entitled to judgment as a matter of law?

2. Did the trial court err in concluding that an attorney who drafts a will owes no fiduciary duty to the beneficiaries?

## DECISION

ISSUE ONE—Did the trial court err in concluding that there was no genuine issue as to any material fact and that Lawson was entitled to judgment as a matter of law?

PARTIES' CONTENTIONS—Walker asserts that Lawson's alleged failure to advise Sybille of Thomas's elective right to take against the will and Lawson's alleged failure to advise Sybille about alternatives to a will which would accomplish her testamentary plan were sufficient to support a cause of action against Lawson for legal malpractice.

Lawson responds that he could not have advised Sybille to other alternatives to the will because any transfers made with the intent to deprive Thomas of his elective share would be suspect as a fraud upon the marital estate. Further, Lawson argues that he cannot be held liable for malpractice merely for exercising legal judgment in an area of practice where there is no "black-letter law."

CONCLUSION—The trial court erred in concluding that Lawson was entitled to judgment as a matter of law.

It is axiomatic that one who contracts to perform services may commit both a breach of contract and the tort of negligence when such service is negligently performed. *Essex v. Ryan* (1983), Ind. App., 446 N.E.2d 368. Lawyers, like other mortals, are liable for failure to exercise ordinary care, skill, and diligence. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391.

"A lawyer is without excuse who is ignorant of the ordinary settled rules of pleading and practice, and of the statutes and published decisions in his own state...." *Citizens Loan Fund & Sav. Assoc. v. Friedley* (1890), 123 Ind. 143, 147, 23 N.E. 1075, 1075–76. Ind. Code 29–1–3–1 (1982) in this instance unequivocally provides Thomas, a second childless spouse, the right to elect against the will and receive a one-third interest of the net personal estate of the testator plus a life estate in one-third of the testator's land. We can only conclude that the failure to advise a testator of the legal consequences of omitting a spouse from the will is unmistakable malpractice. There is no ambiguity here, no need for the exercise of discretion. This is not a circumstance in which members of the profession possessed of reasonable skill and knowledge may differ as to the law.

The path of our decision is quite narrow. We express no opinion as to the harm that Walker suffered as a proximate result of Lawson's alleged lack of professional competence. What alternatives to a will that Sybille would have chosen for the disposition of her property had she adequately been informed is a question of *speculation*, and not a fact before us. We need not determine the validity of creating an inter vivos trust similar to the one in

---

1. Lawson would have us dismiss this appeal because Walker has not preserved any issues in his motion to correct errors which allegedly is supported only by conclusory statements and without citation to authority. The errors, however, are set forth with enough specificity that the trial court and this court are aware of the

exact legal issues involved. *See* Ind. Rules of Procedure, Trial Rule 59(D)(2); *see also Peoples Fed. Sav. and Loan Assoc. v. Willsey* (1984), Ind.App., 466 N.E.2d 470; *Thompson Farms v. Corno Feed Products* (1977), 173 Ind.App. 682, 366 N.E.2d 3, *trans. denied.*

*Leazenby v. Clinton County Bank & Trust Co.* (1976), 171 Ind.App. 243, 355 N.E.2d 861, as being *one* of various options [2] that Sybille might have chosen had she been properly advised.

To avoid summary judgment, Walker must only prove that Lawson failed to advise Sybille of her husband's statutory elective share, which election according to IC 29-1-3-1 would defeat her expressed purpose. *Accord Heyer v. Flaig* (1969), 70 Cal.2d 223, 74 Cal.Rptr. 225, 449 P.2d 161; *cf. Fiddler v. Hobbs* (1985), Ind.App., 475 N.E.2d 1172, *trans. denied, cited with approval in Bailey v. Martz* (1986), Ind.App., 488 N.E.2d 716, *trans. denied* (elements of cause of action for attorney malpractice are employment of the attorney and failure of attorney to exercise ordinary skill and knowledge which proximately caused damage to plaintiff).

ISSUE TWO—Did the trial court err in concluding that an attorney who drafts a will owes no fiduciary duty to the beneficiaries?

PARTIES' CONTENTIONS—Walker contends that Lawson breached a fiduciary duty by advising Thomas of his election to take against the will and preparing the document to do so which defeated the interests that Lawson was retained to protect. Walker also claims that although Lawson may have been acting at the request of the testator, the drafting of the will was for the benefit of the beneficiaries. Thus, he concludes a fiduciary duty was created.

Lawson responds an attorney owes no fiduciary duty to a disappointed beneficiary under a will because there is no obligation to a devisee.

CONCLUSION—The trial court erred in concluding that an attorney who drafts a will owes no fiduciary duty to the beneficiaries.

The leading case on this subject is *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281. It decided that the statute of limitations for a cause of action against an attorney for negligence in drafting a will did not commence until the testator's death. It does, however, specifically reserve the question of whether a disappointed beneficiary can maintain a malpractice action against an attorney, who may have acted incompetently in drafting a will. So, we are faced with a case of first impression in Indiana, but we are not necessarily adrift in a sea of uncertainty.

■ Generally, when a professional person negligently makes representations or gives advice, a plaintiff may recover only if there is privity of contract or if the negligent professional had actual knowledge that the plaintiff would be affected by the representations made. *See Essex, supra.* In *Essex,* subsequent purchasers of certain real estate filed suit against a surveyor who was responsible for an inaccurate survey for a prior owner. We held that the surveyor owed no duty to the plaintiffs because he had no knowledge they would rely upon his survey and because he was not in privity with them. We agreed with the distinction drawn in *Ohmart v. Citizens Sav. and Trust Co.* (1924), 82 Ind. App. 219, 145 N.E. 577 and *Peyronnin Constr. Co. v. Weiss* (1965), 137 Ind.App. 417, 208 N.E.2d 489 between actual knowledge that a third party will be affected by the opinion given because the services were specifically rendered for the use and bene-

**2.** The trial court's enumerated conclusions of law hold that there was "no valid legal method for [Sybille] to transfer her assets away" while depriving Thomas of his spousal elective share. *Record* at 60. The trial court, however, erroneously assumed in its conclusion #2 that the only option available to Sybille had she been aware of the husband's elective statutory share was the use of a possibly illegal "joint deed or so-called Leazenby trust." *Record* at 60. However, her objective, had she known, might well have been accomplished by legal means, e.g., a negotiated arrangement with her husband to waive his

statutory election or mutual wills accompanied by an enforceable contract, *see* Ind. Code 29-1-3-6 and I.C. 29-1-2-13; *see also Sample v. Butler Univ.* (1936), 211 Ind. 122, 4 N.E.2d 545; *Huffman v. Copeland* (1894), 139 Ind. 221, 38 N.E. 861; *Kitchen v. Estate of Blue* (1986), Ind. App., 498 N.E.2d 41; *Cramer v. Echelbarger* (1968), 142 Ind.App. 374, 234 N.E.2d 864; *Lawrence v. Ashba* (1945), 115 Ind.App. 485, 59 N.E.2d 568; and *Wheelock v. Wheelock* (1933), 97 Ind.App. 501, 187 N.E. 205; or through gifts, the sale of the real estate, etcetera.

fit of the third party and an expectation that others may be affected by it.

█ When a lawyer undertakes to fulfill the testamentary instructions of his client, he is logically bound to be aware that any consequences flowing from his negligence will have a vital impact on the named, intended beneficiaries under the will. Obviously, the failure of a testamentary scheme is to deprive the intended beneficiaries of their bequests. If this failure is due to professional incompetence, it is reasonable to conclude that injured parties should have an action against the professional who caused the harm, a harm to specific persons which should be well known to the professional.

With the sole exception of New York, other jurisdictions confronted with this question have uniformly allowed the intended beneficiary to maintain a cause of action against the negligent drafting attorney. *See generally* Annot., 45 A.L.R.3d 1181, § 5(a) (1972). Many courts have followed the lead of the Supreme Court of California which departed from the strict contractual privity rule and applied a balancing of factors theory in the context of attorney malpractice in *Lucas v. Hamm* (1961), 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525. *E.g., Heyer, supra; Licata v. Spector* (1966), 26 Conn. Supp. 378, 225 A.2d 28; *Needham v. Hamilton* (1983), D.C., 459 A.2d 1060; *McAbee v. Edwards* (1976), Fla.App., 340 So.2d 1167; *Persche v. Jones* (1986), S.D., 387 N.W.2d 32; *Auric v. Continental Casualty Co.* (1983), 111 Wis.2d 507, 331 N.W.2d 325. By this approach, the court balances the following factors in determining whether to impose a duty on attorneys not in privity with third parties: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *E.g., Lucas, supra.* In

*Essex, supra*, we rejected a similar approach. We explained that such a broad scope of liability "expands the scope of liability for negligent misrepresentation beyond existing case law and the existing public policy of this State." *Id.* at 370.

The second conceptual model utilized in attorney malpractice cases involving liability to third parties is the third party beneficiary contract theory. A third party beneficiary contract arises when the attorney and testator-client enter into an agreement with the intent to confer a direct benefit on the beneficiary under the will, allowing the third party to sue on the contract despite the lack of privity. Several jurisdictions have adopted this particular approach. *E.g., Stowe v. Smith* (1981), 184 Conn. 194, 441 A.2d 81; *Ogle v. Fuiten* (1984), 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224; *Guy v. Liederbach* (1983), 501 Pa. 47, 459 A.2d 744. We observe that our approach is compatible with those jurisdictions, i.e., a professional owes a duty to a plaintiff when that professional knew that the services were to be rendered for the benefit of the third party to the transaction. *See Essex, supra.*

In New York, absent privity, an attorney is not liable to a beneficiary. *Victor v. Goldman* (1973), 74 Misc.2d 685, 344 N.Y.S.2d 672, *aff'd* 43 A.D.2d 1021, 351 N.Y.S.2d 956; *Maneri v. Amodeo* (1963), 38 Misc.2d 190, 238 N.Y.S.2d 302. New York instead, permits recovery to the executor of the estate for attorney's fees paid as a result of the negligence of the attorney in drafting the will. *Kramer v. Belfi* (1984), 106 A.D.2d 615, 482 N.Y.S.2d 898. The strict adherence to the privity requirement stems from the concern that liability for negligence not extend to an unlimited and unknown number of potential plaintiffs.

On the other hand, the courts extending liability reason that in will-drafting cases, the third party beneficiary does not belong to an undetermined class. The sole purpose of retaining the attorney is to benefit known third parties. This is the objective of the transaction. The rationale voiced by the courts is that if the beneficiaries are not permitted to recover for the loss result-

ing from the negligence, no one is able to do so. The estate is not harmed, except to the extent of attorney's fees paid. Unless the beneficiary can recover against the attorney, the social policy of preventing future harm is frustrated. *Heyer, supra; Licata, supra; Guy, supra.*

Several courts, unhesitatingly, have recognized actionable negligence brought by an intended beneficiary against an attorney when the attorney did what the client told him to do, but failed to advise the client that what the client wanted could not legally be done. *See Heyer, supra* (daughters, as intended sole beneficiaries of estate, have cause of action against attorney who negligently failed to advise his client of the legal consequences of omitting a provision in the will to pretermit the testator's post-testamentary spouse); *McAbee, supra* (daughter, intended sole beneficiary of estate, had a cause of action against attorney who misadvised testator that it was unnecessary to change her will in order to pretermit husband, whom testator married after her will was executed).

Our agreement with the majority of jurisdictions allowing an intended beneficiary to maintain a cause of action against a negligent lawyer does not mean a lawyer is liable to the entire world for professional incompetence (*see Essex, supra*), but it does mean that in the narrow circumstances of this case, ordinary principles of negligence apply to create a cause of action for malpractice for the known intended beneficiaries of a testamentary scheme.

Reversed and remanded.

SHIELDS, P.J., and SULLIVAN, J., concur.