## WILLIAMS v. HANLY ET AL.

[No. 1,731. Filed December 17, 1896.]

ABSTRACTERS OF TITLE.—*Negligence.*—*Complaint.*—*Priority of Liens.*
—A judgment will not be reversed for sustaining a demurrer to a complaint for damages against an abstracter of titles, wherein it is alleged that plaintiff employed such abstracter to make an abstract of title to certain real estate, and such abstracter failed and neglected to show in such abstract, a mortgage existing against such

Williams v. Hanly et al.

real estate, which was duly recorded in the recorder's office, and by reason of such failure to so note said mortgage in the abstract, plaintiff, who was the holder of a tax deed to such real estate, in an action to quiet his title thereto, did not make the holder of such mortgage a party in such action, as plaintiff's lien for taxes was superior to that of the mortgage, and his failure to make the holder of the mortgage a party did not operate as a waiver of the priority of the tax lien. *pp. 465–468.*

LIENS.—*Foreclosure of Senior Lien Without Making Junior Lienholder a Party.*—A senior lienholder may foreclose a lien without making a junior lienholder a party and still retain the priority of his lien, and the subsequent sales thereunder do not render the title of the purchaser at such sale inferior to the title acquired by another at a sale upon the decree of foreclosure of a junior lien, unless the holder of the superior lien is made a party to the foreclosure of the junior lien and fails to set up the priority of his own lien, or is barred in some way by the judgment of the court. *pp. 468, 469.*

PLEADING.—*Specific Averments Control.*—When the specific facts averred, in an action for damages, show that there could have been no damages, such specific averments will control the general allegations of damages. *p. 470.*

APPEAL AND ERROR.—*Nominal Damages.*—A judgment will not be reversed for sustaining a demurrer to a complaint for damages which at most shows that plaintiff is entitled only to nominal damages. *p. 470.*

From the Fountain Circuit Court.  *Affirmed.*

G. W. Paul and M. W. Bruner, for appellant.

J. Frank Hanly, for appellees.

REINHARD, J.—The error complained of consists in the sustaining of the demurrer of the appellees to the complaint of the appellant. The appellees are abstracters of titles to real estate. The gist of the complaint is that the appellant employed them to make an abstract of title to certain real estate and that they negligently failed to abstract a mortgage of record in the recorder's office of Warren county, where the land is situated, and also failed to include in such abstract a suit then pending in the circuit court of said county for the foreclosure of said mortgage, and that the ap-

pellant was damaged by the failure of appellees to properly note said incumbrance in said abstract. The abstract of title and certificate thereto, made and signed by the appellees, are set forth in the complaint.

It appears from the complaint that the appellees are professional abstracters of titles to real estate in Warren county, where they have an office and hold themselves out as skillful and experienced abstracters, to the public, for hire. In February, 1891, the appellant purchased the real estate in question at a delinquent tax sale, as the property of Joseph Hedrick. In March, 1893, more than two years after such purchase by him, the appellant received from the auditor of Warren county a tax deed for said lands, which was duly recorded. In September, 1893, appellant, desiring to bring suit to quiet his title to said lands, employed the appellees to make him an abstract of title thereto, for the purpose of ascertaining who had or held any lien of any kind upon said real estate, of record in any of the county offices of said county where such records are kept, and also lis pendens and suits, if any were pending, affecting such real estate, in order that he might make all proper and necessary parties to his action to quiet title on his tax deed. The appellees undertook to make and complete for him an abstract of title to said lands, from the year 1866 up to and including the 14th day of September, 1893, under said employment, but that they so negligently and carelessly performed this undertaking that in making said abstract they failed and neglected to show or mention a certain mortgage on said real estate, long before that time duly recorded in the recorder's office of said county, securing a note of $933.12, in favor of the First National Bank of Danville, Illinois, and executed by said Hedrick, which mortgage was wholly uncanceled and unsatisfied,

and that a suit was then and for a long time, to-wit, two months, had been pending in the circuit court of Warren county to foreclose the same; which suit was properly docketed in the office of the clerk of said court, but the appellees failed and neglected to mention said pending suit, or the existence of said mortgage in said abstract. The appellant was wholly ignorant of the existence of said mortgage and pending suit. The appellees attached to said abstract their official certificate, stating that they had examined the records of said county from the 23d day of July, 1866, to the 14th day of September, 1893, and found no transfers, mortgages, or other liens affecting the title to the real estate described and shown upon the public records of said county. Appellant paid appellees $7.50 for making said abstract, in accordance with his contract with them. Shortly after receiving such abstract and relying upon the correctness thereof, the appellant employed attorneys and directed them to begin and prosecute an action in the proper court to quiet his title to said real estate, which they did in the Warren Circuit Court, at its October term, 1893, and because of the negligent omission of appellees to mention said mortgage, or the pending suit to foreclose the same, the appellant and his attorneys, relying upon said abstract, failed to make said First National Bank of Danville, Illinois, a party to his action to quiet title on said tax deed. Such proceedings were had in connection with his said action in said court as resulted in a foreclosure of his tax lien on the 13th day of October, 1893, for the sum of $512.38, and costs in the decree. The court gave thirty days within which to redeem said lands, after the expiration of which, no one having redeemed the same, the lands were duly sold by the sheriff, under said decree, to one Voris, who purchased the same for appellant, who subsequently

received a sheriff's deed therefor. In the meantime, said bank foreclosed its mortgage, without the knowledge of appellant, and caused the lands to be sold on the decree of foreclosure, said bank and its lien not being cut off or barred by the foreclosure of the appellant's tax lien, because it was not made a party to appellant's suit. By reason thereof the appellant was subjected to the payment of heavy and expensive litigation, costing him in expenses and attorney's fees $300.00, and he has been compelled to pay, in redemption and satisfaction of said bank's mortgage, in order to save and protect his title to said lands, under the purchase at the sale on the decree foreclosing the tax lien, the further sum of $822.29; all of which became necessary by the negligence of the appellees in the making of said abstract of title, and by reason of said negligence the appellant has sustained damages in the sum of $1,500.00. Appellant's counsel insist that the complaint shows that the appellant is entitled to substantial damages, while appellees' counsel as earnestly contends that appellant does not show himself entitled to receive more than nominal damages.

Was the appellant injured by the failure of the appellees to fulfill their contract?

When the appellant employed the appellees to prepare the abstract he had already acquired the lien upon the land. The lien being for taxes, was superior to any other lien upon the real estate. Had he made the bank a party to his foreclosure suit he could have secured a decree, as between him and the bank, establishing the priority of his lien. But his failure to make the bank a party did not operate as a waiver of his right of priority. A senior lienholder may foreclose his lien without making the junior lienholder a party and still retain the priority of his lien; or, at least, the merger of the lien into the decree, and the

subsequent sales thereunder do not render the title of the purchaser at such sale inferior to the title acquired by another at a sale upon the decree of foreclosure of a junior lien, unless the holder of the superior lien is a party to the foreclosure suit of the junior lien and fails to set up the priority of his own lien, or is barred in some way by the judgment of the court. The appellant does not aver in his complaint that he was made a party to the foreclosure suit of the bank. Of course, if he was a party thereto, he could easily have asserted and established the priority of his own lien. If he was not a party he could have lost no rights, for no decree rendered against him would have any validity. The purchaser at the sale upon the junior lien—the mortgage of the bank—acquired no title superior to that of the appellant, and could not maintain any action for the possession of the lands without first redeeming from the sale upon the superior lien. The bank, as the holder of a mortgage lien, was bound to take notice of the appellant's tax lien and the proceedings thereunder, whether made a party to such proceedings or not, and its only remedy was to redeem from the sale thereunder within the proper time. The sale under the tax lien and purchase thereat, by the appellant, passed the title to him as against the bank, subject to the right of redemption, notwithstanding the bank was not a party to the foreclosure proceedings of the tax lien. *Jenkins* v. *Newman*, 122 Ind. 99.

It is difficult to understand, therefore, how the appellant could have sustained any substantial damage by reason of the appellees' failure to mention the mortgage and pending suit of the bank in the abstract. It is not shown how the appellant was deprived of any rights or parted with anything of value in reliance upon the statements or omissions of the abstract. It

is true the complaint avers that appellant was compelled to pay out money in order to protect his title and to litigate the question of priority, but there is an utter failure to show any necessity for such payments. The demurrer only admits facts that are well pleaded; it does not admit a legal conclusion. It is the specific allegations of a pleading which control and not the conclusions. A party may aver that he was injured by the wrongful acts of another, but if the specific facts averred show that there could have been no damages, he can recover none, for the specific averments always control the general allegations in such a pleading. Elliott's App. Proced., p. 588 *Warbritton* v. *Demorett*, 129 Ind. 346; *Racer* v. *State*, 131 Ind. 393; *Moyer* v. *Ft. Wayne, etc., R. R. Co.*, 132 Ind. 88.

If it had been made to appear by the averments of the complaint that the appellant was compelled to pay out any money for the purpose of a suit to foreclose the right of redemption of the bank, the case might be different. But this is not made to appear.

The complaint at most shows that the appellant is entitled to nominal damages. A judgment will not be reversed for sustaining a demurrer to such a complaint.

Judgment affirmed.