**GREENEBAUM MORTGAGE COMPANY, Plaintiff-Appellee,**

v.

**TOWN AND GARDEN ASSOCIATES, Jack P. Schleifer, and Arthur G. Cohen, Defendants-Appellants.**

No. 16066.

United States Court of Appeals Seventh Circuit.

Oct. 24, 1967.

Rehearing Denied Nov. 28, 1967.

Louis A. Lehr, Jr., Paul L. Leeds, Chicago, Ill., for defendants-appellants, Arnstein, Gluck, Weitzenfeld & Minow,

Chicago, Ill., and Rubin, Wachtel, Baum & Levin, New York City, of counsel.

Edwin A. Rothschild, Thomas C. Homburger, Chicago, Ill., for plaintiff-appellee, Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., of counsel.

Before DUFFY, Senior Circuit Judge, and SWYGERT, and FAIRCHILD, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action was commenced by Greenebaum Mortgage Company, an Illinois corporation, against Town and Garden Associates, a New York limited partnership, as well as Jack P. Schleifer, Arthur G. Cohen, and Eugene L. Colman, citizens of the State of New York and general partners of Associates. The complaint sought recovery of a commission allegedly due for the issuance of a mortgage loan commitment to the defendants. Plaintiff's motion for summary judgment was granted, and after dismissing Colman as a defendant, the court entered judgment for $11,000 against the remaining defendants. The defendants' motion for rehearing was denied. In this appeal the principal question concerns the propriety of the granting of summary judgment by the district court.

Associates owned improved real estate in Chicago, known as Old Town Garden Apartments. On May 26, 1965, Associates submitted to the plaintiff an "amended" application for a first mortgage loan of $1,100,000. The application irrevocably authorized Greenebaum for thirty days or thereafter until the application was withdrawn to either procure a commitment for the loan or issue a commitment itself, in which event Associates agreed to pay a commission of one per cent ($11,000). The plaintiff purportedly accepted the application and issued its commitment for the loan by a letter to the defendants, dated June 24, 1965. The defendants refused to complete the loan or pay the commission.

The defendants opposed the plaintiff's motion for summary judgment on the ground that their delivery of the loan application to the plaintiff was conditioned upon obtaining a subordination of a prior lien on the property. In this appeal, defendants assert for the first time an additional objection to the granting of summary judgment, that the so-called commitment letter of June 24, 1965 constituted a counteroffer which was never accepted, rather than an acceptance of the amended application.

In granting the motion for summary judgment on the ground that no genuine issue of material fact existed in respect to the alleged conditional delivery of the loan application, the district court had before it a variety of materials. Among them were the following: (1) the defendants' answer to the complaint in which they denied that there was a contract entitling plaintiff to $11,000; (2) a letter dated May 5, 1965 written to Associates by Greenebaum stating that, in preparing the mortgage papers, the file revealed certain existing liens on the property and requesting that a subordination of these liens to the proposed loan be obtained. Associates was also informed that a "supplemental 'Application for Loan'" was enclosed with the letter; (3) the "amended" application for a "first mortgage" loan submitted on May 26, 1965 in which Associates warranted that the property was "free and clear of all liens"; (4) the letter of June 24, 1965 wherein Greenebaum wrote Associates: "Based on the representations you have made and subject to the terms and conditions below, we are pleased to advise you we have accepted your amended loan application. * * * [T]he undersigned will require in connection with this loan the following: * * * A Mortgagee's ALTA Policy in the full amount of the loan insuring the Trust Deed to be a first and prior lien * * * with any restrictions or exceptions shown on the policy subject to the approval of counsel for mortgagee. * * * It will be necessary that a copy of this letter be accepted by the Mortgagor and returned to the undersigned at once"; (5) an affidavit by Eugene L. Colman, president of Hanover Equities Corporation (the owner of a

majority interest in Associates). Colman's affidavit stated that it "was expressly understood" by him and those acting for Greenebaum throughout their negotiations for the loan that the junior trust deed had to be subordinated before the formation of a binding agreement, but that the holders of the beneficial interest in the junior trust deed were opposed to the subordination. Colman further stated that as a consequence Associates was unable to secure an ALTA policy as requested, which fact was known to Greenebaum before June 24, 1965.

The district court ruled that "in the absence of a legally sufficient affidavit showing the existence of a genuine issue of fact," summary judgment for the plaintiff was authorized. In this ruling, the court erred.

■ The contention is made that the Colman affidavit consists of conclusions rather than evidentiary facts and was therefore inadmissible under Fed.R.Civ. P. 56(e); also that the affidavit violates the parol evidence rule. The correspondence and other documents indicate sufficient ambiguity so that the defense claim of a conditional agreement does not violate the parol evidence rule. And on the same account, we do not find it necessary to decide whether every assertion in the Colman affidavit, standing alone, complied strictly with Rule 56(e).

On May 5, 1965, plaintiff's secretary and counsel wrote that she was preparing the mortgage papers and knew of the existing liens on the property to be mortgaged. She stated that these liens would have to be subordinated before the proposed loan could be made. On May 26, 1965, the defendant submitted the amended application for the loan.[1] The printed form stipulated that the property was to be free and clear of all liens and that the

loan applied for would be a first lien. The fact that Greenebaum knew of the existence of the prior liens and requested that they be subordinated is consistent with the view that Greenebaum expected evidence of subordination to accompany Associates' application submitted on May 26th. When the parties realized that a subordination agreement could not be obtained, Greenebaum, in the June 24th letter, reiterated that an ALTA Policy be provided insuring that the Trust Deed be "a first and prior lien" and requested that Associates accept the letter. These aspects of the June 24th letter may suggest that Greenebaum, though initially viewing the transaction as conditional on Associates obtaining a subordination agreement, sought to abandon that requirement when such an agreement was not forthcoming.

■ In deciding whether there is an issue of material fact in a case, all doubts must be resolved against the party asking for a summary judgment. Cox v. American Fidelity and Casualty Co., 249 F.2d 616 (9th Cir. 1957). Although certainty that there are no unresolved factual issues is necessary to grant summary judgment, any uncertainty in that regard is sufficient to deny summary judgment. When the Colman affidavit is considered with the other facts in the record, little if any doubt remains that a genuine issue of fact exists as to whether the delivery was conditional. The motion for summary judgment should have been denied.

■ Associates contend that the June 24, 1965 letter from Greenebaum was a counteroffer to grant a loan under certain conditions and that such counteroffer was never accepted. For that reason, Associates says that we should reverse and direct the district court to enter judgment for the defendants. As-

---

[1]. This amended application bore the date April 13, 1965. On this date, Associates wrote Greenebaum authorizing Greenebaum to accept a commitment for the loan and stating that a commission as well as a service fee would be paid. According to Colman, in his affidavit sub-mitted on the petition for rehearing, this letter was written in response to Greenebaum's request that there be deleted all reference contained in a previous letter to the conditional character of the application on account of the existing liens.

sociates neither moved for summary judgment nor presented this issue in the district court. Therefore, consistent with our prior decisions, we hold that the defendants are precluded from raising this issue for the first time on appeal. Employers' Liability Assurance Corp. v. Maryland Casualty Co., 230 F.2d 370, 372 (7th Cir. 1956); Apex Smelting Co. v. Burns, 175 F.2d 978, 982 (7th Cir. 1949), cert. denied, 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950). At a trial this additional issue may also be presented to the district court.

The judgment of the district court is reversed and the case remanded for a trial.

Lewis, Circuit Judge, dissented, in part.