MAYHEW, HUSTON *v*. MARTIN DEISTER ET AL.

[No. 867A54. Filed February 18, 1969. Rehearing denied March 25, 1969. Transfer denied June 4, 1969.]

---

*William P. Foreman, Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellants.

*William Statham, McCray, Clark, Statham and McCray,* of Evansville, for appellees.

SHARP, J.—This is an appeal from a judgment sustaining Defendants-Appellees' Motion for Summary Judgment. The action brought by Plaintiffs-Appellants was for damages sustained as the result of the failure of Appellees to prepare a true, correct and complete abstract of title to real estate. One legal paragraph of the complaint alleged that the Appellees, who were engaged in the business of preparing abstracts were negligent in the preparation of the abstract in that they omitted certain records and the Appellants were damaged thereby. The second legal paragraph of the Appellants' complaint asserted that the Appellants were damaged by the breach by Appellees of a contract to carefully prepare a true and complete abstract.

The Appellees' answer principally contended that certain findings of fact and conclusions of law in a Federal Court quiet title action was res judicata as to certain depositive facts and as such, a bar to the complaint of the Appellants. The trial court sustained the unverified Motion for Summary Judgment filed by the Appellees, which motion contained a stipulation of the parties concerning findings of fact by the Federal Court in the quiet title action. No affidavits were filed in support of or in opposition to the Motion for Summary Judgment.

To understand fully the questions presented by this appeal it is necessary to examine the somewhat intricate factual background.

The land for which the abstract in question was eventually prepared was owned in 1951, by Mrs. Juanita Callard and Mrs. Mary Fleming. The land was a 160 acre tract in Gibson County, Indiana. In May of 1951, an oil and gas lease of the 160 acres was executed with the lessees being one Barron Kidd, A W. Barry and George Greer. The lease was for a primary term of one year with a provision that the lease would continue so long thereafter as oil was produced.

Up until November 1952, five oil wells were drilled on the 160 acre tract. Only three of these wells were producers of oil.

After November 1952, the owners, Fleming and Callard, made repeated written demands on the lessees for information as to oil production and further prospective development and in October of 1953, they notified the lessees that unless the property was developed in ninety days the lease would be forfeited for breach of the implied covenant to develop the property.

On March 20, 1954, a quiet title suit was filed in the Gibson Circuit Court against the lessees by the owners and on June 15, 1954, a default judgment of 130 of the 160 acres was entered in favor of Mrs. Fleming and Mrs. Callard.

The Appellants in 1958, negotiated with Barron Kidd and the other lessees for purchase of the entire 160 acre leasehold and a purchase of this leasehold was made by the Appellants in July, 1958.

In July 1959, the Appellants assigned a one-fourth interest in the oil lease to one Fred Keller and one-fourth to one R. L. Keller.

The Appellants claim that the purchase of the leasehold was made in reliance upon an abstract prepared for the Appellants by the Appellees, which abstract omitted as a part thereof the default judgment in the quiet title suit in the Gibson Circuit Court against Barron Kidd and the other original lessees.

The Appellants, along with Fred and R. L. Keller, filed a quiet title suit in the United States District Court, Southern District of Indiana, against the owners of the land, Callard and Fleming.

The Appellants notified the Appellees of this suit and demanded that they assume its prosecution but the Appellees did not so do.

The findings of fact of the Federal District Court were attached to the Motion for Summary Judgment. The United States District Court found that the plaintiffs had actual knowledge of the quiet title suit which had cancelled the lease as to 130 acres. The court further found that the Appellants were guilty of conversion in that they entered on the 130 acres without the permission of the owners and opened and worked an oil well and retained the proceeds therefrom.

The abstract in question was certified to July 7, 1958, and the certification read in part as follows:

"We further certify that there are no judgments, transcripts of judgments, liens unsatisfied, or suits pending on file or of record in any Court of Record in said County [Gibson] against any of the persons mentioned in said abstract, which affect the title to the lands described in the caption of said abstract."

The only question now before this court is whether it was error to grant Appellees' Motion for Summary Judgment. The Indiana Summary Judgment statute, Burns' Indiana Statutes Annotated, Section 2-2524, is patterned after Rule 56 of the Federal Rules of Civil Procedure and provides in part as follows:

"The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Indiana Summary Judgment Rule also contains the following provision which was added to Federal Rule 56 by amendment in 1963:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided

in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

This provision is also included in Section 2-2524(e) in Burns' Indiana Statutes Annotated (1968 Replacement).

Although there was no response by the Appellants to the Motion for Summary Judgment, we do not believe that the above cited provision eliminates the necessity of finding that no genuine issue as to any material fact exists. Our Supreme Court so held in *Kapusta v. Depuy Manufacturing Company*, 249 Ind. 679, 234 N. E. 2d 487 (1968), stating:

"We construe the words 'if appropriate' in subsection (e), in light of subsection (c) to still require a finding that there is no genuine issue as to any material facts."

This interpretation is in accord with the intent and purpose of the amendment to Federal Rule 56, as embodied in the Advisory Committee's Notes. That note emphasizes the fact that the amendment does not "affect the ordinary standards applicable to the summary judgment motion", i.e., the necessity of a finding that no genuine issue as to any material fact exists.

Our Summary Judgment Statute, Burns' Indiana Statute Annotated, Section 2-2524, is identical to Rule 56 of the Federal Rules of Civil Procedure. There is a growing body of case law both in Indiana and in the Federal Court system to guide our trial courts in this summary judgment area. The earliest expression in Indiana was in *Jose v. Indiana National Bank*, 139 Ind. App. 272, 218 N. E. 2d 165 (1966) in which this court stated at page 167 of 218 N. E. 2d:

"This court closely scrutinizes adjudications on the pleadings with a narrow eye ever vigilant for a possible error and will not hesitate to reverse a decision if any error is found, unless error itself was harmless and reversal would serve no useful purpose."

This attitude is well borne out by our Supreme Court in *Kapusta v. Depuy Manufacturing Company, supra.* In *Poller v. Columbia Broadcasting System,* 368 U. S. 464, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962), the Supreme Court of the United States made it very clear that the summary judgment rule authorized summary judgment only when the moving party was entitled to judgment as a matter of law, and that "the purpose of the rule is not to cut off litigants from their right of trial by jury if they really have issues to try." See also *White Motor Co. v. United States,* 372 U. S. 253, 83 S. Ct. 696, 9 L. Ed. 2d 738 (1963).

The United States Court of Appeals for the Seventh Circuit in dealing with summary judgment has stated:

> "In deciding whether there is an issue of material fact in a case, *all doubts* must be resolved against the party asking for summary judgment." (Emphasis added) *Greenebaum Mortgage Company v. Town and Garden Associates,* 385 F. 2d 347 (7th Cir. 1967). See also *Carter v. Williams,* 361 F. 2d 189 (7th Cir. 1966), *Moutoux v. Gulling Auto Electric, Inc.,* 295 F. 2d 573 (7th Cir. 1961) and *Progress Development Corp. v. Mitchell,* 286 F. 2d 222 (7th Cir. 1961).

There is also a line of Federal cases which have held that summary judgment should not be granted if there is "slightest doubt" as to facts. See *National Screen Service Corp. v. Poster Exchange, Inc.* 305 F. 2d 647 (5th Cir. 1962).

Barron and Holtzoff, *Federal Practice and Procedure,* (Wright Ed.), Volume 3, Section 1235, at pages 138-141, states:

> "One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. Any doubt as to the existence of such an issue is resolved against him. The evidence presented at the hearing is liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might reasonably be drawn from the evidence.

Facts asserted by the party opposing the motion and supported by affidavit or other evidentiary material must be taken as true."

In the 1968 pocket supplements to Barron and Holtzoff, under section 1237 of Volume 3 at page 109, it states:

"Since the moving party must show that he is entitled to prevail as a matter of law while the opposing party need show only that a genuine controversy as to the facts exists, the provisions of Rule 56(e) are enforced more strictly against the movant than the opposing party." [Rule 56(e) is identical to Section 2-2524(e), Burns' Indiana Statutes Annotated (1968 Replacement)].

"Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use." *Brunswick Corp. v. Vinebung*, 373 F. 2d 605 (5th Cir. 1967).

If there is question of state of mind, credibility of witnesses, or weight of testimony, summary judgment should be denied. *Alabama Great Southern Railroad Co. v. Louisville and Nashville Railroad Co.*, 224 F. 2d 1, (5th Cir. 1955), *Subin v. Goldsmith*, 224, F. 2d 753 (2d Cir. 1955), *Alvado v. General Motors Corp.*, 229 F. 2d 408 (2d Cir. 1956), Barron and Holtzoff, Vol. 3, Sec. 1234 at page 134.

The sole function, therefore, of this court in this appeal is to determine whether or not a genuine issue of fact existed. Because this determination is dependent in part upon the nature and elements of the cause of action involved, it is necessary to initially to examine the liability of those who prepare and certify abstracts of title. The few relevant cases in Indiana demonstrate that the abstracter is liable to his employer for damages proximately caused by his failure to fulfil his duty, i.e., to use ordinary care and diligence in preparing the abstract. *Batty v. Fout*, 54 Ind. 482 (1876), *Brown v. Simms*, 22 Ind. App. 317, 53 N. E. 779 (1899), *Williams v. Hanly*, 16 Ind. App. 464, 45 N. E. 622 (1896), *Ohmart*

*v. Citizens, etc. Trust Co.*, 82 Ind. App. 219, 145 N. E. 577 (1924). This duty is contractual.

> "It is well settled that the liability of an abstracter of titles is based on contract; and that one who undertakes to furnish such abstracts is liable for a failure ■ to use ordinary care in so doing. His contract is that he will exercise such care." *Crawford Lumber Co. v. Abstract Guaranty Co.*, 253 Iowa 705, 113 N.W. 2d 703, 704 (1962).

Although Indiana courts have not so directly ruled, this general duty and liability should be supplemented with the propositon that the employer must be damaged by his acting on *reliance* that the abstract is true and complete. The Supreme Court of Iowa in the *Crawford Lumber co.* case, *supra,* so held in a case strikingly similar to this one and stated at page 705 of 113 N. W. 2d that it was:

> "A question for the determination of the trier of the facts —whether the knowledge or actual notice, [of abstracter's omission of an unsatisfied judgment] of the plaintiff was sufficient to support a holding that he had no right to rely upon the defendant's mistake."

See also, *Randall v. Paine-Nichols Abstract Co.*, 205 Okla. 430, 238 P. 2d 319 (1951). These cases indicate further that knowledge of a defect does not always and in every case automatically negate reliance upon the abstract. In the *Crawford Lumber Co.* case, *supra,* the court found that there was sufficient substantial evidence to support the finding that the plaintiffs had actual knowledge of the unsatisfied judgment and of the abstracter's omission of it, but stated further that there was therefore a jury question as to whether the plaintiff relied on the abstract to his detriment.

Because, as stated, Indiana courts have not ruled directly on this point, these authorities are helpful and, we believe correct.

Without stating that knowledge alone cannot negate reliance in a proper case, we believe that circumstances can

occur where proof of knowledge alone will not establish reliance as a matter of law.

In the instant case, several of the findings of the Federal District Court, which were attached to Appellees' Motion for Summary Judgment, were relevant to the issue of knowledge and reliance. Because of their importance in this appeal we set out those relevant findings:

"9. After November 18, 1952, the defendants made repeated written requests of the lessees for information as to oil production, future development, and all pertinent data concerning past and prospective operations.

"26. During the pendency of said litigation in the Gibson Circuit Court the plaintiff, O. W. Mayhew, was advised of the pendency of such action and the nature of the proceedings therein to cancel the lease for the breach of the implied covenant to develop under the Indiana law, and subsequent to rendition of said judgment in said cause on the 15th day of June, 1954, said O. W. Mayhew was advised of said judgment and was offered a lease of the premises. At such time said plaintiff, O. W. Mayhew, caused geological reports to be made to him concerning the lands of the defendants herein and subsequently abandoned such reports including the map bearing his handwriting and showing said lands and the wells therein, to counsel for the defendants herein.

"28. On the dates of the purported assignments to the plaintiff, O. W. Mayhew, said plaintiff had actual knowledge that a judgment had been entered by the Gibson Circuit Court in June, 1954, canceling the lease as to the undeveloped one hundred thirty (130) acres of the Southeast Quarter of said Section 12, Township 3 South, Range 13 East, for breach of the implied covenant to development under the Indiana law.

"29. On the date of the purported assignment of the leasehold estate to L. T. Huston, Jr., he has actual knowledge of the fact that notice had been given the lessees in September, 1953, that a forfeiture of the lease would be effected by the defendants unless further development was undertaken by the lessees. He further knew that the lessees refused to further develop said leased premises and that lessees had done nothing to develop the leasehold subsequent to the completion of the number six (6) well on November 18, 1952.

"31. At the time said Mayhew and Huston received said purported assignments they were advised by counsel that the primary term of said leases had expired and that the extended term of said leases was dependent upon the continuous production of oil subsequent to the expiration of the primary term."

Appellees argue that these findings of the Federal Court were binding on the parties in this action and establish conclusively that Appellants had knowledge of the previous quiet title suit and cancellation and therefore could not have relied upon the abstract. For these reasons the Appellees contend that the granting of the Motion for Summary Judgment was proper.

Appellees' argument must fail, therefore, if it is shown that the findings of the Federal District Court were not binding and conclusive on the issue of reliance as a matter of law. In such a case a genuine issue of fact would have existed; i.e., did the Appellants have knowledge of and rely upon the abstracter's certification?

The classical doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a later lawsuit on a different cause of action. Obviously this is not such a case since the defendants-appellants here were not parties to the Federal Court quiet title suit. Further, our Supreme Court has stated the general requirement that the plea of res judicata is available only when there is privity and mutuality of estoppel. Under this requirement only parties or their privies to the former judgment could take advantage of or be bound by the former judgment. In this sense a party is one who is directly interested in the subject matter and had a right to make defense or to control the proceedings and to appeal from the judgment. *Tobin v. McClellan*, 225 Ind. 335, 73

N. E. 2d 679 (1947). By this definition the defendants-appellees here were not parties to the Federal Court quiet title suit. A privy is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The defendants-appellees here are certainly not privy under this definition. Estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him. *Tobin v. McClellan, supra.* However, many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. See, *Coca Cola Co. v. Pepsi Cola Co.,* 36 Del. 124, 172 A. 260, *Bernhard v. Bank of America National Trust and Savings Ass'n,* 19 Cal. 2d 807, 122 P. 2d 892 (1942), *B. R. DeWitt, Inc. v. Hall,* 19 N. Y. 2d 141, 226 N. E. 2d 195, 278 N. Y. S. 2d 597 (1967).

The Courts of most jurisdictions have recognized a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent on or derived from the liability of one who was exonerated in an earlier suit by the same plaintiff on the same facts. See, *Bernhard v. Bank of America National Trust and Savings Ass'n, supra.* Typical examples of such derivative liability are master and servant, principal and agent, and indemnitor and indemnitee. The Appellees have attempted to apply these principles to an abstracter and his client, particularly the indemnitor-indemnitee situation. The case law indicates indemnitor-indemnitee principles do not apply to the liability of an abstracter to his client. *Wacek v. Frink,* 51 Minn. 282, 53 N. W. 633 (1892). See also, 1 Am. Jr. 2d, *Abstracts of Title,* Sec. 14, page 239.

The Appellee asserts that the plaintiffs-appellants are collaterally estopped by the verdict in the Federal quiet title suit because the liability of the defendants-appellees here is derived from the unsuccessful plaintiffs in the

Federal quiet title suit. The Appellees apparently attempt to come within the principles stated in *Bernhard v. Bank of America National Trust and Savings Ass'n., supra,* and *B. R. DeWitt, Inc. v. Hall, supra.* A comprehensive discussion of the impact of these California and New York decisions is found in 43 Ind. L. J. 156 (1967). In both the *DeWitt* and *Bernhard* cases the issues were identical. The Appellees also cite *Goldberg v. Sisseton Loan and Title Company,* 24 S. D. 49, 123 N. W. 266 (1909) where the issue in the second action was identical to the previous, namely, the validity of a lien. thus, *Goldberg* fails as authority here. In the instant case the issue of reliance upon the abstract was not involved in the Federal Court quiet title suit. Therefore, the plaintiff-appellants are not collaterally estopped by the verdict in Federal Court from asserting and proving their reliance on the abstract prepared by the defendants-appellees.

We find no Indiana cases nor sound cases from other jurisdictions which have allowed a stranger to a prior suit to assert in an action on a different cause of action a plea of collateral estoppel against a party who was a plaintiff in the original action. The authority, in fact, is to the contrary. See, *Town of Flora v. Indiana Service Corp.,* 222 Ind. 253, 53 N. E. 2d 161 (1943); *Tobin v. McClelland, supra, Maple v. Beach,* 43 Ind. 51 (1873) and *Baltimore & Ohio Ry. v. Patrick,* 131 Ind. App. 105, 166 N. E. 2d 654 (1960).

Based on the foregoing, we find that the findings of the Federal District Court in the prior quiet title suit are not conclusive as a matter of law on the issue of reliance in this case. The only conclusion that can, therefore, follow is that the granting of a summary judgment was improper because the question of whether the plaintiffs did in fact rely on the abstract was a "genuine issue as to a material fact." The judgment granting the Motion for Summary Judgment is therefore reversed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Hoffman, J., Pfaff, C. J. and White, J., concur.

NOTE.—Reported in 244 N. E. 2d 448.